# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

KIMBERLY REUSS,

  Plaintiff,

vs.

FIRST FINANCIAL
COLLECTION CO., *et al.*,

  Defendants.

Case No. 1:08-cv-697

Magistrate Judge Timothy S. Black

## ORDER DENYING DEFENDANT'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT (Doc. 19)

This civil action is before the Court on a motion for partial summary judgment filed by Defendant Qualified Emergency Specialists, Inc. ("QESI") (Doc. 19) and the parties' responsive memoranda (Docs. 22, 24). The parties have consented to final adjudication by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (*See* Doc. 15).

## I. BACKGROUND FACTS

Plaintiff's complaint asserts multiple violations of statutes and common law arising from claimed attempts by QESI and the co-defendants to obtain payment from Plaintiff for a debt that allegedly no longer existed. QESI moves this Court to dismiss Plaintiff's claim in her third cause of action alleging that QESI violated the Ohio Consumer Sales Practices Act (the "OCSPA").[1]

---

[1] The OCSPA prohibits unfair, deceptive, or unconscionable acts or practices on the part of suppliers in any consumer transaction.

## II. STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (1986).

## III. ANALYSIS

### A. Whether Transactions Between Physicians and Patients Are Exempt From The OCSPA

The Ohio Revised Code expressly excludes from the OCSPA transactions[2] between consumers and physicians. Ohio Rev. Code § 1345.01(A). The statute specifically states that:

---

[2] A "consumer transaction means a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things." Ohio Rev. Code § 1345.01(A).

> As used in sections 1345.01 to 1345.13 of the Revised Code: (A) "Consumer transaction" means a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things. <u>"Consumer transaction" does not include</u> transactions between persons, defined in sections 4905.03 and 5725.01 of the Revised Code, and their customers, except for transactions involving a loan made pursuant to sections 1321.35 to 1321.48 of the Revised Code and transactions in connection with residential mortgages between loan officers, mortgage brokers, or nonbank mortgage lenders and their customers; transactions between certified public accountants or public accountants and their clients; <u>transactions between</u> attorneys, <u>physicians</u>, or dentists <u>and their clients or patients</u>; and transactions between veterinarians and their patients that pertain to medical treatment but not ancillary services. (Emphasis added).

OCSPA does not narrow the physician exception solely to medical treatment; rather, that distinction applies *only* to transactions between veterinarians and their patients. That is, the statute is written so that each class to which it applies is separated by a semi-colon. Plaintiff's interpretation removes the semi-colon between "transactions between attorneys, physicians or dentists and their patients" and "transactions between veterinarians and their patients that pertain to medical treatment but not ancillary services."

Accordingly, the difference between the categories for "attorneys, physicians or dentists" and "veterinarians" is that veterinarians are exempt only for medical treatment but not for ancillary services. Physicians are simply exempt – as to both medical treatment and ancillary services.

### B. Whether QESI Qualifies As A "Physician"

Plaintiff claims that QESI is not a physician and therefore is not covered by the exception to the OCSPA. In response, QESI represents itself to be "a physician" -- that is, "a group of physicians who are licensed by the Ohio Medical Board to practice medicine." (Doc. 20, Ex. 1 at ¶ 4). QESI's website states that it "is a Cincinnati based practice, that staffs six hospital emergency departments in the TriHealth and Mercy Health Systems as well as two free-standing Urgent Care/ Occupational medicine facilities associated with these two Health Systems." *See* http://www.qualifiedemergency.com. QESI is a "physician owned, fee for service Emergency Medicine group in Cincinnati." (*Id.*)

Plaintiff compares QESI to a hospital, which is not exempt from the OCSPA because a hospital is a medical provider, not a physician. However, QESI is not a hospital.[3] Because of this distinction, the *Thorton* and *Summa* cases cited by Plaintiff do not apply.[4]

---

[3] "Hospital" means an institution classified as a hospital under section 3701.07 of the Revised Code in which are provided to inpatients diagnostic, medical, surgical, obstetrical, psychiatric, or rehabilitation care for a continuous period longer than twenty-four hours or a hospital operated by a health maintenance organization. "Hospital" does not include a facility licensed under Chapter 3721. of the Revised Code, a health care facility operated by the department of mental health or the department of mental retardation and developmental disabilities, a health maintenance organization that does not operate a hospital, the office of any private licensed health care professional, whether organized for individual or group practice, or a clinic that provides ambulatory patient services and where patients are not regularly admitted as inpatients. Ohio Rev. Code § 3727.01.

[4] *Thorton v. Meridia Suburban Hosp.*, 1991 WL 244206, at *1 (Ohio Ct. App. 8th Dist. Nov. 21, 1991) (holding that physicians were specifically excluded from the OCSPA, but hospitals were not, so they must abide by the OCSPA); *Summa v. Health Sys. v. Viningre*, 140 Ohio App. 3d 780, 795 (Ohio Ct. App. 9th Dist. 2000) ("While transactions with physicians are exempted from the CSPA, a transaction between a service provider such as a hospital and the consumer is not clearly exempted.")

While a physician is clearly exempt from the OCSPA, whether a group of physicians is also exempt presents a more difficult question. On the one hand, this Court held in *Foster v. D.B.S. Collection Agency*, 463 F.Supp.2d 783, 809, fn. 42 (S.D. Ohio 2006), that "Defendants would not qualify for [physician-patient exemption] protection because . . . Orthopedic Associates of Zanesville, Inc.,[5] Perry County Family Practice, Inc., and Muskingum Emergency Physicians, Inc. – are medical service providers, not physicians." The undersigned is unable to distinguish these medical service providers - or "groups of physicians"- from QESI.

On the other hand, Ohio courts routinely hold that both an attorney and a law firm of attorneys are exempt from the OCSPA. *See, e.g., Lee v. Traci, et al.*, 1994 Ohio App. LEXIS 2384 (Cuyahoga Cty. 1994) (summary judgment entered for attorneys Traci and Shimko and their law firm, Spangenberg, Shibley, Traci & Lancione, dismissing, *inter alia*, claims under Ohio Rev. Code § 1345.01):

> "From reading the statutory labyrinth above, it is clear that transactions between attorneys and their clients ... are not actionable ... by virtue of the specific exclusion of attorney-client transactions from the definition of a deceptive act or practice in connection with a consumer transaction. *See* R.C. 1345.01(A), .02(A), and .28. Accordingly, the trial court did not err in dismissing the claim based on violation of R. C. 1345, *et seq.*"
> *Id.* at 20-21.

If an attorney is exempt, and a group of attorneys is exempt, and a physician is exempt, why is not a group of physicians exempt?

---

[5] "We are Orthopaedic Associates of Zanesville; a full service, comprehensive, state-of the art orthopaedic center dedicated to relieving your pain and restoring your active lifestyle. We have a team of highly skilled, board certified orthopaedic surgeons, as well as specialized health care professionals." *See* http://www.orthozane.com/about-the-orthopaedic-associates-of-zanesville.

# IV. CONCLUSION

Here, faced with a decision of this Court which suggests that a group of physicians is not exempt,[6] counterbalanced by an Ohio appellate court case that holds that a group of lawyers is exempt, the undersigned concludes at this stage of this litigation that the conflicting proof and the inferences that can be drawn therefrom raise genuine issues of material fact that preclude the granting of summary judgment. That is, the facts and inferences presented by Defendant do not diminish the contrary evidence to the point that "it is so one-sided that [Defendant] must prevail as a matter of law." *Anderson*, 477 U.S. at 252.

Accordingly, Defendant QESI's motion for partial summary judgment (Doc. 19) is currently **DENIED**.[7]

**IT IS SO ORDERED.**

Date: 12/11/09

s/ Timothy S. Black
Timothy S. Black
United States Magistrate Judge

---

[6] "Judges of the same district court customarily follow a previous decision of a brother judge upon the same question except in unusual or exceptional circumstances" - *Buna v. Pacific Far East Line, Inc.*, 441 F. Supp. 1360, 1365 (N.D. Cal. 1977) - but "there is no such thing as 'the law of the district,'" *Threadgill v. Armstrong World Indus., Inc.*, 928 F.2d 1336, 1371 (3rd Cir. 1991), and a district court decision is not binding even on other district courts in the same district. *EEOC v. Pan American World Airways*, 576 F. Supp. 1530, 1535 (S.D.N.Y. 1984). "Where a second judge believes that a different result may obtain, independent analysis is appropriate." *Threadgill, supra.*

[7] A decision denying a motion for partial summary judgment is interlocutory in nature and may be revisited by the trial court before final judgment is entered. *See Messinger v. Anderson*, 225 U.S. 436, 444 (1912) (A federal court "has the power to revisit prior decisions of its own ... in any circumstance"). However, the law of the case suggests that reconsideration is best only undertaken when there exists "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." 18 Wright and Miller, Federal Practice and Procedure, § 4478 at 790 (2d ed. 1981). Perhaps the evidence disclosed during discovery, or the emergence of an intervening opinion of a learned jurist, will clarify whether QESI is a physician or a medical provider.